PALATINE INS. CO. v. McELROY.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1900.)

No. 551.

INSURANCE—POLICY—BREACH OF CONDITION—KNOWLEDGE OF SOLICITOR—ESTOPPEL OF INSURER.

Where an insurance solicitor obtains an application for insurance, which is accepted by an insurance company, and on which it writes a policy, and delivers it to the solicitor, who delivers it to the insured, and collects the premium, the solicitor's knowledge of concurrent insurance on the property in excess of the amount allowed by the policy may be imputed to the company so as to estop it to deny the validity of the policy by reason of the breach of such condition.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

S. H. Piles, George Donworth, and James B. Howe (Van Ness & Redman, of counsel), for plaintiff in error.

Harold Preston, E. M. Carr, and L. C. Gilman, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This is an action upon a fire insurance policy, brought by the plaintiff, James F. McElroy, in the superior court of the state of Washington, to recover the sum of $2,530.85, with interest, alleged to be due upon a policy of fire insurance issued to Mrs. J. C. Powers, McElroy's assignor, by the Palatine Insurance Company, insuring the steamer Cricket, her hull, cabins, tackle, furniture, etc., against loss or damage by fire to the extent of $3,500. Upon the petition of the defendant insurance company the case was removed to the circuit court of the United States for the district of Washington, where it was tried before a jury. A verdict was returned in favor of McElroy for the full amount of his demand. Motion for a new trial was denied, and judgment entered in favor of the plaintiff, to reverse which the defendant sued out this writ of error. The case of McElroy v. British America Assur. Co., reported in 36 C. C. A. 615, 94 Fed. 990, was a companion case to this, the plaintiff being the same, and the action brought to recover on a policy issued by the defendant company upon the same risk, at the same time, and under substantially the same circumstances, except that the insurance against loss or damage by fire in that case was to the extent of $3,000. The negotiations leading to the issuance of the policies were had between the same parties in each case, and a detailed statement of the material facts will be found in the report of the British America Assurance

Company Case, supra. The two cases come before this court upon practically the same record, the only distinction to be noticed in the legal aspect of the two cases arising upon the assignments of error. In the case against the British America Assurance Company it was contended on the part of the defendant as a matter of law that the policy was void for the reason that it in express terms provided that, if the property be or become incumbered by a chattel mortgage, or if insurance should be obtained in excess of $6,500 in all concurrent with the amount covered by the policy, it should be void; and both of such forbidden acts on the part of the plaintiff had been established by the evidence. There was, however, on the other hand, evidence tending to show that Calhoun & Co., a firm of insurance agents and brokers in Seattle, who negotiated the insurance in the sum of $6,500, had notice and knowledge of the existence of a chattel mortgage, and of the intention of the insured to secure further insurance in the amount of $3,500 to cover the interest of the holder of that mortgage; that Calhoun & Co. endeavored to secure this insurance also, but it was placed elsewhere. There was also evidence that Calhoun & Co., having secured the application for the contract of insurance in the sum of $6,500, placed $3,000 with an agent of the British America Assurance Company, the defendant in that case, and $3,500 with the agents of the Palatine Insurance Company, the defendant in this case; that Calhoun & Co. received the written policies in the amounts stated from the agents of the companies and delivered these policies to the agent of the insured, and at the same time collected a portion of the premium. Upon the evidence of these facts it was contended on the part of the plaintiff that Calhoun & Co. were the agents of the defendant in the transaction, and had so dealt with the agent of the insured, in securing the contract of insurance and in the delivery of the policy in that case to the agent of the insured, as to bind themselves and the insurance company by way of estoppel not to dispute the validity of the policy on account of the conditions. To this claim the defendant replied that Calhoun & Co. were not its agents, but the agents of the insured, and therefore any notice or knowledge which they may have had concerning the mortgage and the excess of concurrent insurance was not a notice to or the knowledge of the defendant. The trial court, at the close of the testimony, instructed the jury to return a verdict for the insurance company, which was accordingly done, and judgment entered for the defendant. The case was brought before this court upon the single assignment of error that the court erred in giving such peremptory instruction, and the only question there presented was whether, upon the testimony introduced, plaintiff had the right to have the case submitted to the jury. It was held by this court that the evidence was sufficient to go to the jury, and the case was remanded, with instructions to grant a new trial. The case at bar was the first of the two cases to be heard in the trial court. The issues were the same, except that in the present case the fact that the property was incumbered with a chattel mortgage, without being provided for by an agreement indorsed on the policy, was not made a ground

of defense. The evidence upon the remaining issues was submitted to the jury, and a verdict rendered for the plaintiff (defendant in error).

The first error assigned relates to the refusal of the court to instruct the jury to find a verdict for the defendant (plaintiff in error). As the evidence in this case is substantially the same as the evidence in the British America Assurance Case, that question has been considered and determined by this court, and requires no further discussion.

The remaining assignments of error relate to instructions given and instructions refused by the court concerning the question of agency. They involve the question whether, upon the evidence in the case, the knowledge of Calhoun & Co. as to the excessive insurance could be imputed to the company, and notice to them be considered notice to the company; and whether the acts of Calhoun & Co. in dealing with the agent of the insured in securing the contract of insurance and in delivering the policy to the agent of the insured bound themselves and the insurance company by way of estoppel not to deny the validity of the policy by reason of the alleged breach of condition. These questions were fully discussed and passed upon in the other case, and in accordance with the views there expressed the instructions complained of cannot be held to have been error. The judgment of the circuit court is affirmed.